Spencer contra.
If it be made appear, that the plaintiff *456 cannot* under the prefent ftate of pleadings,, recover, though a new trial Ihould be granted, the court will certainly let the verdid ftand. Where a jury have found againft law, if fending back the caufe, be, for a trifling purpofe, and the damages fmall, the court will not interfere; a fortiori they will not, if they fee no poffible ufe can accrue. At the trial . it was not made a point, whether, from the condition as fet f°rth, the plaintiff could, under any circumftances, recover for an cfcaPe- The words are, that if the plaintiff ihould pay, ^c‘ (e fy reafon of the taking of the aforefaid George Briggs.” To the adion on the penalty of the bond there are , , , r , r ' , . , two pleas ; one to the eaie and favor, the other, that the pHuráff had not been damnified. The replication means to ra^e this fad, whether the bond was given after George Briggs had efcaped, and to indemnify for that, or to obtain his deliverance at the moment when executed. The adion is intended to recover what has been paid for an efcape differed, and not in confequence of having arrefted. The defendant has engaged for nothing but for the taking; he does not fay for the differing to efcape. This is a clear departure in pleading. The count, as appears by the condition, is for a taking, and the replication ihew.i damage by an efcape. The queftion, therefore, which now arifes is, whether it be competent for the plaintiff to aver a condition which does not appear on the bond. He cannot aver any thing which is not apparent. The bond is to indemnify only againft taking on the writs. If Given cannot bring himfelf within the condition, he has no right to bring the adion. Nothing can be averred which varies the condition. 19 Vin. 447. U. pi. 2. No averrment againft the condition of a bond. The contrary would overturn all legal piinciples of agreements, and, on which the plaintiff reforts to recover- damages. If there be a recovery, it muft be by parol teftimony diredly oppofite to the condition of the bond. With refped to the validity of the inftrument, it is to be obferved, that it is to indemnify for taking Briggs. When the writs were put into the iheriff’s hands, he was to execute them : no fecurity from a third perfon, to proted him from the confequences of doing his-duty, can be good. But. admitting that it is valid, if the *457 plaintiff cannot depart from the condition, and in order to maintain his adtion, he muft do fo, let the verdidt be as it will, the court will not grant a new trial. For, fuppofe it was done, and a verdidt for the plaintiff, a motion would be made in arreft of judgment for the variance ; and as it appears on the face of the record, that the condition is for the iherift’s doing his duty, it is illegal, and the fuít not to be maintained. Either of tliefe reafons would be fatal, and both are certainly enough to warrant the refufal of a new trial. The fecond objedtion, ftated in the rejoinder, ftill remains unanfwered. The defendant was to be anfwerable only after due proceedings had againft the plaintiff by reafon of the aforefaid taking. Thefe words preclude every idea of a default. The condition contemplates a payment after a trial had between the parties. Againft all that is advanced on behalf of the defendant, it is urged, that if a party taken on execution, efcape, and afterwards a voluntary bond be given to indemnify, it would not be within the purview of the adh But this is not fuch a cafe. There were converfations at the time, of taking, refpedting an indemnification, and an agreement, that George Driggs ihould be forthcoming. The whole teftimony evinces this. Yet, were it otherwife, the law will not bear out the pofition of the other fide. 4 Bac. Abr. 464.* is exprefs, that if a party be taken, efcape, return, and give bond to indemnify, it is void by the ftatute and common law†. On the point of fraud, the jury were the proper judges ; it was fubmitted to them by His honor who . * J ° 1 _ tried the caufe, and they have determined. The cafes cited apply to tranfadtions between the parties, and not to thofe between the iheriff and a ftranger. It is relied on, that under no circumftances does this bond afford a ground for adtion, being void and a nullity in itfelf, that the condition is to indemnify againft the taking, and that evidence of damage from an efcape cannot, therefore, be adduced.
Emmott in reply. We are here to argue on a queftion for a new trial. It is fomewhat of a novelty, that we ihould be called on to fpeak againft an arreft of judgment; all we have to {hew is, that on the pleadings, the verdict is againft evidence, and that we were entitled to recover. If the court *458 will look at the bond and teftimony, they will fee it was a bond to indemnify againft an efcape, and not againft a mere taking. The intent of parties is always to regulate in matters of contradi. The intent appears from the plea; for, the defence is, that the bond was for eafe and favor; which it could not be, if it was to keep harmlefs for taking alone. The teftimony on both lides went to the point of eafe and favor, and tended to Blew it was to indemnify, after a going at large, from adtions of efcape, which might be brought for that which had taken place. If there had been no taking, there could have been no efcape ; and, therefore, the bond, tranfadtions, pleadings and teftimony, all ihew that it was to indemnify for an efcape which had long before been permitted. This objedtion, on the word taking, was overruled at the trial, as the judge muft recoiled!, though it does not now appear.
Thompfon J. My recolledtion is confined to the cafe.
Emmott. The dates ftated, and before the court, will ihew that the bond could not be for eafe and favor. The arreft was on the 10th or 12th of March. George Driggs was then liberated by the ílieriíF, and the bond not dated till the 22d of April following. Lanfing v. Fleet is in point to ihew that had George Driggs returned to the ílieriíF himfelf, he could not have been held, or confidered as a prifoner. Where then could be the eafe and favor in difcharging a man that was adtually at liberty ? For the reafons alréady given, a defence by the plaintiff, to the adtions againft him, might have been highly improper; to ihew the judgments, therefore, fraudulent, it ought to be made appear, that there was a good and legal defence, which the plaintiff negledted to make. This was afforded neither by the difcharge under the infolvent adt, nor by the words of Hopkins. It is worthy of obfervation, that it does not appear George Driggs ever was difcharged, as has beenafferted. Nothing of the kind was proved at the trial, and nothing appears in the cafe: but had it been otherwife, the plaintiff could not have juftified under it, for he could not take upon himfelf to determine on its legality, as it might poffibly have been invalid from fraud. The only fecuons in the adt for the relief of in *459 folvent debtors, applicable to the prefent difcuffion, are the 7th, 11th, and 12th , the firft, after authorifing a difcharge from debts and imprifonment, goes on thus, <c which dif- “ charge, or the record thereof, íhall be fufficient authority ££ to the iheriff for fetting fuch prifoner at large, and the dif- ££ charge íhall alfo be conclufive evidence in all courts, of ££ the fails therein contained.” The fecond authorifes the pleading of the general iffue. The third declares, that if the infolvent be guilty of perjury or fraud, the difcha'rge íhall be void. Two cafes, therefore, and only two, are fpecifically provided for; that of an infolvent’s being imprifoned at the time, when the difcharge is obtained, and that of 1ns being fubfequently arrefted. In the firft, he will be liberated on producing the difcharge ; in the fecond, he may plead the general iffue, and give the difcharge in evidence. It is a mere ftatutory releafe, tobe taken advantage of like any other, and avoidable by proof of fraud. If, therefore, the defendant meant to infift, that it ought to have been ufed by the plain» tiff, he ihould have ihewn it below, that the plaintiff might have rebutted it by proving fraud. But it never could have been availed of by the plaintiff, as the judgments on which the fuits againft him were founded, are in exiftence. When the writs of execution againft George Driggs came into the plaintiff’s hands, it was his duty to execute them : to obey their precepts, not to judge of their effeéí ; his duty being purely minifterial. On this head, the law is fo ftridt, that it will not permit a iheriff to fet up a payment, without fatiffadtion is entered of record. 6 Mod 27. nor a releafe 2 Leo. 89. It is fubmitted, therefore, that as the defence would have been ufelefs, it could not have been intended ; that the bond being given when George Driggs could not be eafed nor fa*» vored, could not be for eafe and favor; and that, as no kind of fraud is imputable in the recovery on the judgments, the verdidt is againft law and evidence, and muft, therefore, be fet afide.
Per curiam delivered by Kent J. There can be no doubt that the verdict is againft evidence. The one iflue is upon the allegation, that no bond was given, and that it was for his deliverance from fuch cuftody. But the evidence on *460 both fides concurs, that when the bond was given, George Driggs was not a prifoner, but at large, and had been fo for ^ome days, by the permiffion of the .iheriff. The other iffue is upon the allegation, that the judgments were fuffered by pjajntiff} to be entered by default fraudulently. But there is no evidence of fuch fraud, and no ground from which to infer any. A judgment by default is no prefumption of collufion, if no real defence appear, or could have been made. The verdidt mult, therefore, be fet afide, unlefs we perceive -clearly, from the cafe, that the plaintiff can never fuftain a fuit upon the bond, and then a new trial would be ufelefs. A bond given to indemnify againft an efcape al~ ready happened, is good. The bonds, which are void under the adt, as being given for eafe and favor, are thofe given by aperfonincuftody. (Dawson v. Brumer, cited in 10 Co. 100. a. Moore 542. Cafe 717. 11. Mod. 93. and 2. L. Raymond 1207. S. C. 6 Mod. 225.) There is, therefore, no rea» Pon to conclude, from the teftimony as it appears in the cafe, that the bond is void ; and it ought at leaft to appear z»««z~ feftly, before the court could notice it under the prefent motion.
The verdidt muft, therefore, 'be fet afide on payment of eofts.
Lewis C. J. and Livingfton J. abfent.

 The cafe phifips &iS Le™n ^iT.^but tf16 debtor there was taken on a ca. fa.

 rity doesnot° s° fo Iar‘